JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02397-JVS-DFM | Date | August 6, 2024 |
| Title | Ameris Bank v. M and W Shaban Inc et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion for Default Judgment [25]**

Plaintiff Ameris Bank, d/b/a Balboa Capital Corporation ("Balboa") moves for default judgment against Defendants M and W Shaban, Inc. ("M & W"), a Kansas corporation, doing business as Dairy Queen, and Moeen Shaban ("Shaban"), an individual (collectively "Defendants"). (Mot., Dkt. No 25.) Defendants do not oppose the Motion.

For the following reasons, the Court **GRANTS** Balboa's Motion for Default Judgment. The Court finds that oral argument would not be helpful in this matter and **VACATES** the August 12, 2024, hearing. Fed. R. Civ. P. 78; L.R. 7-15.

### I. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

    A.    *Procedural Requirements*

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02397-JVS-DFM | Date | August 6, 2024 |
| Title | Ameris Bank v. M and W Shaban Inc et al | | |

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

  B. *Substantive Requirements*

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

**II. DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02397-JVS-DFM | Date | August 6, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. M and W Shaban Inc et al | | |

    The Court has reviewed the Complaint and the supporting declarations provided by Balboa as part of its Motion and finds that the procedural and substantive requirements for default judgment are met.  However, an adjustment needs to be made to Balboa's requested damages.  Don Ngo asserts in his declaration that the total principal payment at the time of Defendants' default should be $86,481.99 based on sixty-three remaining weekly payments.  (Declaration of Don Ngo ("Ngo Decl."), Dkt. No. 25-1 ¶ 11.)  However, by the Court's calculations, M & W made payments for four weeks before its default.  (See id. ¶ 7.)  If the payments started September 22, 2023, and payments were made on a weekly basis through October 12, 2023, M & W paid for four weeks.  (See id.)  This would leave sixty-two of the sixty-six weekly payments Defendants owed to Balboa.  (See id.)  Balboa's calculations do not adequately explain why an additional payment, for a total of sixty-three, remain outstanding.  (See id. ¶ 11.)  Therefore, for its assessment of damages, the Court will proceed with an initial total of $85,109.26, the sum of sixty-two multiplied by the required weekly payment of $1,372.73.  (See id. ¶ 7.)

    A.    *Remedies*

    Federal Rule of Civil Procedure 54(c) mandates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Here, Balboa's requested categories of relief do not differ in kind from the relief requested in the Complaint.  It seeks a total monetary remedy of $98,895.91, which comprises the principal owed, plus attorneys' fees, costs, and prejudgment interest.  (Mot. at 15; see Compl. ¶¶ 26–27.)  Specifically, Balboa requests $86,481.99 in principal, $6,751.65 in prejudgment interest, $5,059.27 in attorneys' fees, and $603 in costs.  (Mot. at 15.)

    1.    Damages

    The Ngo declaration and attached copy of the BLA provides evidence to support principal damages of $85,109.26.  (See Ngo Decl. ¶ 7; id. Ex. A.)  Therefore, the Court concludes that the amount of damages is ascertainable from the definite figures in the BLA and that a hearing is not necessary.  See Citizens Bus. Bank v. Vessel Bellezza, No. 18-cv-02163, 2020 WL 7064247, at *3 (C.D. Cal. Oct. 27, 2020) (holding where "the amount claimed is liquidated or capable of ascertainment from definite figures contained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02397-JVS-DFM | Date | August 6, 2024 |
| Title | Ameris Bank v. M and W Shaban Inc et al | | |

in the documentary evidence or in detailed affidavits," a default judgment may be entered without a hearing). Accordingly, the Court awards damages to Balboa in the amount of $85,109.26.

      2.     Attorneys' Fees and Costs

According to the Complaint and Ngo's Declaration, under the terms of the BLA, Defendants agreed to pay reasonable attorneys' fees incurred by Balboa in the enforcement of that agreement. (Compl. ¶ 27; Ngo Decl. ¶ 10.) When a contract provides for the recovery of reasonable attorneys' fees, those fees shall be calculated in accordance with the schedule in Local Rule 55-3. L.R. 55-3. Under this schedule, awards of attorneys' fees are directly related to the amount of the judgment. Balboa used the schedule in Rule 55-3 to calculate its requested attorneys' fees of $5,059.27. (Densen Decl., ¶ 7.) However, Balboa used $86,481.99 as the principal amount to calculate the attorneys' fees. (Id.) Calculated with the principal the Court found, $85,109.26, attorneys' fees total $5,004.37. See L.R. 55-3.

The BLA also entitles Balboa to seek recovery of costs associated with enforcing that agreement. (Ngo Decl. ¶ 10.) As a result, Balboa requests $405 for its filing fee and $198 for service of process fees. (Densen Decl. ¶ 7.) The Court finds the costs reasonable. Accordingly, the Court awards Balboa attorneys' fees in the amount of $5,004.37. It also awards costs in the amount of $603, the total of the fees it incurred when enforcing the BLA. (See id.)

      3.     Prejudgment Interest

Balboa seeks a prejudgment finance charge of 10% per annum and accrued interest through and including the date of judgment. (Mot. at 14–15.) State law sets the rate of prejudgment interest in diversity actions, and federal law sets the rate of post-judgment interest. Northrop Corp. v. Triad Int'l Mktg. Corp. S.A., 842 F.2d 1154, 1155 (9th Cir. 1988) (per curiam). Under California law, "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Damages are deemed certain . . . within the provisions of subdivision (a) of section 3287 where there is essentially no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02397-JVS-DFM | Date | August 6, 2024 |
| Title | Ameris Bank v. M and W Shaban Inc et al | | |

dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Leff v. Gunter, 33 Cal. 3d 508, 519 (1983). For contracts entered into after January 1, 1986, that do not stipulate a legal rate of interest, "the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b); Howard v. Am. Nat'l Fire Ins. Co., 187 Cal. App. 4th 498, 538 (2010).

      The Court concludes that the requisite level of certainty of damages was achieved and Balboa is entitled to prejudgment interest. Defendants can determine the amount owed to Balboa based on the terms of the BLA and the weekly payment structure designated therein. (See Ngo Decl., Ex. A, at 1.) Given Defendants' lack of response in this case, there is no evidence in front of the Court to create uncertainty over this amount. See Watson Bowman Acme Corp. v. RGW Construction, Inc., 2 Cal. App. 5th 279, 302 (2016) (reasoning that conflicting evidence is needed to viably contradict an evidence-based assertion that there is not a dispute over the amounts owed) (citing Leff, 33 Cal. 3d at 520). Therefore, the Court concludes that the amount of damages owed to Balboa is sufficiently certain for the purposes of § 3287(a). Consequently, Balboa is entitled to prejudgment interest.

      Because the BLA was executed on September 22, 2023, (Ngo Decl., Ex. A, at 6), a rate of 10% per annum after breach applies, Cal. Civ. Code § 3289(b). Accordingly, the Court awards prejudgment interest to Balboa at the rate of 10% per annum through and including the entry date of judgment based on the principal amount of $85,109.26.[1]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Balboa's Motion.

        **IT IS SO ORDERED.**

---

[1] Balboa used the correct interest rate to calculate its requested prejudgment interest of $6,947.86. (Densen Decl. ¶ 5.) However, like attorneys' fees, Balboa used $86,481.99 as the principal amount to calculate the prejudgment interest. (Id.) As discussed, the Court found the principal owed to Balboa to be $85,109.26. This is the amount the Court will use in its calculations of the prejudgment interest on the entry date of judgment.